■ Rebecca S. Serdans, Respondent-Appellant, v The New York and Presbyterian Hospital, Appellant-Respondent. [30 NYS3d 45]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered September 11, 2015, upon a jury verdict awarding plaintiff the principal sum of $4,050,000 in compensatory and punitive damages, unanimously modified, on the law and the facts, to vacate the award of punitive damages, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 8, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The liability verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). Evidence of continued attempts by her supervisors to assign plaintiff to areas outside the cardio-thoracic intensive care unit (CTICU), combined with evidence that defendant cancelled her requests for shifts with increased frequency after granting her the accommodation allowing her to work exclusively in the CTICU, supports the jury's conclusion that defendant failed to implement the agreed-upon accommodation.

The award for compensatory damages does not deviate materially from what would constitute reasonable compensation to the extent indicated (CPLR 5501 [c]; *see e.g. Albunio v City of New York*, 67 AD3d 407 [1st Dept 2009], *affd on other grounds* 16 NY3d 472 [2011]).

Defendant's contention that plaintiff's claims for disability discrimination pursuant to the New York State Human Rights Law (Executive Law § 296) and New York City Human Rights Law (Administrative Code of City of NY § 8-107) are barred by the exclusivity provisions of the Workers' Compensation Law is an improper attempt at reargument (*see Serdans v New York & Presbyt. Hosp.*, 112 AD3d 449, 451 [1st Dept 2013]) and in any event without merit (*Belanoff v Grayson*, 98 AD2d 353, 357-358 [1st Dept 1984]; *Matter of Grand Union Co. v Mercado*, 263 AD2d 923, 925 [3d Dept 1999]).

The trial court correctly refused to charge the jury on assumption of risk. Meaningful review of defendant's argument that the court erred in admitting certain videos into evidence is precluded by the apparent absence of the videos from the record.

We see no basis for punitive damages. While it may be reasonably concluded from the evidence that defendant's employees did not fully appreciate the nature of plaintiff's condition or adequately communicate the accommodation in an effective or efficient manner, the evidence does not support the conclusion that defendant engaged in intentional conduct with malice or a reckless indifference to plaintiff's rights (*see Jordan v Bates Adv. Holdings, Inc.*, 11 Misc 3d 764, 776-777 [Sup Ct, NY County 2006], citing *Kolstad v American Dental Assn.*, 527 US 526, 529-530 [1999]). Concur—Mazzarelli, J.P., Moskowitz, Gische and Webber, JJ.